No. 66,218

In the Matter of PAUL D. COLEMAN, *Respondent.*

(815 P.2d 43)

Opinion filed July 12, 1991.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the disciplinary administrator against Paul D. Coleman of Topeka, Kansas, an attorney admitted to the practice of law in Kansas. The facts, as determined by the hearing panel of the Kansas Board for the Discipline of Attorneys (the panel), are not disputed.

The complaints against respondent are numerous and are set out herein.

## Count I

Nellie M. Mays died on September 10, 1977, leaving a will naming her grandson, Edwin L. Mays, Jr., as executor and sole heir. Edwin L. Mays, Jr., was and is a resident of the State of California. Mays retained respondent to probate the estate.

On September 14, 1977, respondent filed a petition for probate of will under the Simplified Estates Act, K.S.A. 59-3201 *et seq.,* in the District Court of Shawnee County, Kansas, case No. 77-P-486. The following documents were prepared and filed by respondent on that date:

Proceeding for Probate of Will;

Petition for Probate of Will;

Last Will and Testament;

Affidavit for Non-Military;

Waiver of Notice;

Order for Hearing;

Affidavit of Subscribing Witnesses;

Order Admitting Will to Probate;

Oath of Executor;

Letters Testamentary;

Appointment of Resident Agent;

Acceptance by Resident Agent.

During the following 12 months, respondent published notice to creditors, filed an inventory and valuation, and prepared and filed a Kansas inheritance tax return.

On July 31, 1979, the Internal Revenue Service (IRS) filed a claim for $35,091.62 in taxes, a penalty of $2,486.93 plus $175.46 per month beginning August 11, 1979, and interest of $2,310.87 plus $5.77 per day beginning July 13, 1979. Respondent took no action with regard to satisfying the taxes, penalties, and interest due, nor did he inform Mays of this obligation.

Respondent filed annual accountings through September 9, 1980. Thereafter, on five occasions Judge Mary Schowengerdt set the matter for hearing to obtain an accounting. Respondent failed to appear for any of the hearings. Judge Schowengerdt then issued a contempt citation and respondent appeared on October 25, 1985. A subsequent citation was issued and respondent failed to appear at that hearing. However, no action was taken by the court. On September 14, 1987, Judge Schowengerdt ordered the respondent to close the estate within 30 days or request an extension. No response was received.

Judge James P. Buchele was then assigned to the case. On October 26, 1987, Judge Buchele issued an order to appear and show cause. Pursuant to this order respondent did appear on November 9, 1987. An accounting was ordered. The matter of fiduciary contempt was continued.

Respondent then appeared as directed by the court and kept the court informed as to the status of the case until July 1, 1988, when respondent failed to take the action previously ordered by the court and failed to appear.

Respondent again established contact with the court and status reports were again submitted until February 1, 1989, when respondent failed to file an accounting as ordered.

An interim accounting was filed by respondent on February 21, 1989, and a petition and order for partial distribution of $20,000 to the IRS was entered. Respondent never distributed the $20,000 to the IRS.

By letter dated June 13, 1989, Mays discharged respondent as his attorney and retained Carl Quarnstrom.

On October 9, 1989, Judge Buchele ordered respondent to file his final accounting on or before November 1, 1989. Said accounting was never filed. By letter dated December 21, 1989, Judge Buchele ordered respondent to appear to render an accounting and to turn over the assets of the estate. Respondent failed to appear. On January 18, 1990, Judge Buchele issued an order to appear and show cause to respondent, but respondent could not be located for service. Respondent has not been located since that time and has had no contact with Judge Buchele since February 21, 1989.

The actions of respondent have resulted in Mays having to travel from California to Topeka, Kansas, to appear on a contempt citation, and in substantial penalties and interest being assessed against the estate.

Respondent has failed to provide competent representation to Mays. He has handled a legal matter without preparation adequate in the circumstances and has neglected a legal matter entrusted to him. Respondent has failed to act with reasonable diligence and promptness in representing Mays, has failed to carry out a contract of employment, and has damaged his client during the course of the professional relationship. Respondent has not made reasonable efforts to expedite litigation consistent with the interest of Mays. Finally, respondent has engaged in conduct that is prejudicial to the administration of justice and has engaged in conduct that adversely reflects on his fitness to practice law.

### Count II

The decedent owned real property that was the subject of a condemnation action brought by the city. An award was made and the trial court divided the award between the estate as the owner of the property and the lessee of the property. Respondent suggested to Mays that this decision be appealed. Mays agreed and believed that the respondent was taking the necessary actions in this regard. Respondent did not perfect the appeal.

Respondent failed to abide by Mays' decision to appeal the judgment, failed to act with reasonable diligence and promptness regarding the appeal, and failed to keep Mays reasonably informed about the status of the appeal.

## Count III

The court file reflects that Mays first corresponded with Judge Buchele by letter dated October 5, 1988, expressing his frustration with the lack of communication by respondent.

The court file also includes a letter dated December 19, 1988, from Mays indicating that respondent failed to supply him with a copy of the decision in the condemnation suit.

The court file reflects a letter dated February 28, 1989, in which Mays informed Judge Buchele that he had had no communication directly from respondent for over one year, despite his various attempts.

The court file reflects a copy of a letter dated April 26, 1989, from Mays to respondent in which Mays complains about the lack of communication as well as respondent's lack of action on his behalf. Mays requested that respondent contact him within 15 days. No contact was made by respondent.

Mays has had no direct contact with respondent since approximately February 1988.

Respondent failed to keep Mays reasonably informed about the status of the estate and failed to comply with Mays' requests for information.

## Count IV

Judge Schowengerdt and Judge Buchele made numerous requests for information and requests for contact which were ignored by respondent. Further, respondent failed to abide by orders of the court.

Such conduct is discourteous and degrading to the tribunal, is prejudicial to the administration of justice, and adversely reflects on respondent's fitness to practice law.

## Count V

Mays discharged respondent on June 13, 1990. Carl Quarnstrom was retained by Mays on June 13, 1990. Quarnstrom made several attempts to contact respondent to obtain necessary information and documents pertaining to the case. Further, Judge Buchele ordered respondent to appear and turn over the assets of the estate.

Upon termination of representation, respondent failed to surrender the papers and property to which Mays was entitled and failed to take necessary steps to protect the interests of his client.

## Count VI

The instant complaint was filed with the Disciplinary Administrator's Office on January 19, 1990. By letter dated January 23, 1990, Coleman was furnished a copy of the complaint by Bruce E. Miller, disciplinary administrator. Miller requested a response from respondent within 7 days. No response was submitted.

J. Steven Pigg was appointed to investigate the matter. On January 31, 1990, Pigg wrote to respondent requesting a written response within 10 days. No response was submitted. On March 12, 1990, Pigg again wrote to respondent, enclosing a copy of the earlier letter and requesting that respondent provide a written response and contact Pigg to arrange an interview. No response was made to either request. Neither letter was returned to Pigg as undeliverable.

The respondent has failed to cooperate with the Disciplinary Administrator's Office and the investigator.

Notice of time and place of the hearing before the disciplinary panel as well as the formal complaint were mailed to the respondent at his last registered address as shown with the Clerk of the Appellate Courts of Kansas. The respondent did not appear at the hearing before the panel.

The panel adopted all of the matters contained in the formal complaint as findings of fact.

The panel concluded by clear and convincing evidence that the respondent has violated the following:

"1. MRPC 1.1 [1990 Kan. Ct. R. Annot. 216], in that respondent has failed to provide competent representation to a client.

"2. MRPC 1.3 [1990 Kan. Ct. R. Annot. 219], in that respondent has failed to act with reasonable diligence and promptness in representing a client.

"3. MRPC 3.2 [1990 Kan. Ct. R. Annot. 258], in that respondent has failed to make reasonable efforts to expedite litigations consistent with the interest of the client.

"4. MRPC 8.4(d) [1990 Kan. Ct. R. Annot. 290], in that respondent engaged in conduct that was prejudicial to the administration of justice.

"5. MRPC 8.4(g) [1990 Kan. Ct. R. Annot. 290], in that respondent engaged in conduct that adversely reflects on his fitness to practice law.

"6. MRPC 1.4 [1990 Kan. Ct. R. Annot. 220], in that respondent failed to keep a client reasonably informed about the status of a matter and failed to promptly comply with reasonable requests for information.

"7. MRPC 1.2 [1990 Kan. Ct. R. Annot. 217], in that respondent failed to abide by client's decision concerning the lawful objectives of legal representation.

"8. DR 6-101 [1990 Kan. Ct. R. Annot. 188], in that respondent failed to act competently in handling a legal matter.

"9. DR 7-101 [1990 Kan. Ct. R. Annot. 193], in that respondent failed to represent a client zealously.

"10. Supreme Court Rule [207] [1990 Kan. Ct. R. Annot. 141] in that respondent failed to cooperate with the disciplinary administrator's office and its investigator."

The panel unanimously recommended that the respondent be disbarred.

The respondent did not file exceptions to the panel report. He did not appear before this court either in person or by counsel.

After a review of the record before this court, we agree with and adopt the panel's findings, conclusions, and recommendations.

IT IS THEREFORE ORDERED that Paul D. Coleman be and he is hereby disbarred from the practice of law in the State of Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts is directed to strike the name of Paul D. Coleman from the roll of attorneys licensed to practice law in Kansas and that respondent forthwith comply with Supreme Court Rule 218 (1990 Kan. Ct. R. Annot. 155).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to the respondent.

Dated this 12th day of July, 1991.